IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
CIVIL DIVISION



LOUIS W. AND
GUADALUPE GLASS

        Plaintiff,             Case No.: CA-10-805

v.

                                Division:

HARTFORD INSURANCE
COMPANY OF THE MIDWEST

        Defendant.

_____/

## COMPLAINT

Plaintiff, LOUIS W. AND GUAPALUPE GLASS, by and through their undersigned counsel, hereby sues Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) exclusive of pre-judgment interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiffs, LOUIS W. AND GUAPALUPE GLASS, were Florida residents owning real property located at 11155 Linden Drive, Spring Hill, Hernando County, FL 34609 (the "Property").

3. At all times material hereto, Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("THE HARTFORD") was a corporation duly licensed to conduct business in the State of Florida and was engaged in the business of insurance in Hernando County, Florida.

13. As a result of THE HARTFORD'S refusal to pay the losses sustained by the Plaintiff, Plaintiff has retained the services of the undersigned attorney and is obligated to pay a reasonable fee for his services. Plaintiff is entitled to attorney's fees and costs in this action pursuant to §627.428 Florida Statutes.

## COUNT I
### (Breach of Contract)

14. Plaintiffs hereby incorporates by reference paragraphs one (1) through thirteen (13) as through fully set forth herein.

15. Plaintiffs and Defendant were parties to a valid and binding contract of insurance, the terms of which are outlined in Plaintiffs' Policy.

16. Plaintiffs sustained damage to their Property from a covered loss under the Policy.

17. Defendant denied coverage for the loss.

18. Defendant breached the policy by failing to acknowledge a covered loss, by failing to pay Plaintiffs the benefits due and owing under the Policy, and by failing to offer Plaintiffs any warranted or guaranteed solution to cover the loss.

19. Plaintiffs have been damaged by Defendant's breach of contract.

20. Plaintiffs are entitled to full compensation for the loss to their Property. Plaintiffs' damage includes, but is not limited to:

   a. the costs associated with implementing a guaranteed repair of the Property, including ground stabilization, building stabilization, foundation repair, and cosmetic repair, or if the property is not repairable the full replacement cost for the property;

b. the damages including court costs, attorneys' fees under §627.428, *Florida Statutes*, expert fees and costs and pre-judgment interest and (c) additional policy benefits for loss of use, moving expenses, rental home during repair;

c. and stabilization, landscaping, debris removal, and any other benefit available under the policy.

21. Plaintiffs demand a trial by jury on all issues in Count I.

WHEREFORE, Plaintiffs, LOUIS W. AND GUAPALUPE GLASS, demand judgment against Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, for:

A. All damages to which Plaintiffs are entitled, including all benefits available under the Policy;

B. Pre-judgment interest;

C. Court costs, expert fees, and attorneys' fees pursuant to §627.428 *Florida Statutes*; and

D. Any such other and further relief that this Court deems just and reasonable.

DATED this 9th day of March, 2010.

Respectfully Submitted,

*[signature]*

Joseph A. Porcelli, Esq.
Florida Bar No.: 0080837
THE LAW OFFICES OF JOSEPH A. PORCELLI, P.A.
4644 Glissade Drive
New Port Richey, FL 34652
Telephone: (727) 843-9223
Facsimile: (727) 843-9445
Attorney for Plaintiffs